IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RANDELL R. BROOD,                    )
                                     )    3: 09-cv-01431-JO
            Petitioner,              )
                                     )
    v.                               )
                                     )    OPINION AND ORDER
MARK NOOTH, Superintendent,          )
Snake River Correctional             )
Institution,                         )
                                     )
            Respondent.              )


        Kristina S. Hellman
        Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

            Attorney for Petitioner

        John R. Kroger
        Attorney General
        Samuel A. Kubernick
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97301

            Attorneys for Respondent

    1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his convictions and sentence for sodomy. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [14] is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On July 28, 2005, the Douglas County Grand Jury returned an amended indictment charging petitioner with nine counts of Sodomy in the First Degree. Respondent's Exhibit 104. Petitioner was convicted on all counts in a bench trial and the court imposed a sentence totaling 600 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but subsequently moved to voluntarily dismiss his appeal. Respondent's Exhibit 106.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Brood v. Hill, Malheur County Circuit Court Case No. 07-04-5775-P. On appeal, the Oregon Court of Appeals affirmed the PCR court without written opinion, and the Oregon Supreme Court denied review. Brood v. Hill, 229 Or. App. 740, 213 P.3d 875 (2009), rev. denied, 347 Or. 258, 218 P.3d 540 (2009); Respondent's Exhibits 134-138.

On December 3, 2009, petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

2 - OPINION AND ORDER

Ground One:  Mr. Brood pleads on information, belief, and/or personal knowledge that his right to due process under the Fourteenth Amendment to the United States Constitution was violated when his indictment charged nine identically-worded counts of sodomy and included no information to differentiate one count from another.   The indictment thus failed to give Mr. Brood constitutionally adequate notice of the charges and failed to protect him against double jeopardy.

Ground Two:  Mr. Brood pleads on information, belief, and/or personal knowledge that he did not receive effective assistance of  counsel guaranteed by the Sixth Amendment to the United States Constitution when trial counsel failed to object to an indictment that violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mr. Brood was prejudiced by counsel's failure because the indictment, which charged nine identically-worded counts of sodomy with no way to distinguish between the charges, did not provide adequate notice of the charges and also deprived Mr. Brood of the ability to protect himself against double jeopardy.

Respondent asks the Court to deny relief on the Amended Petition on the basis that:  (1) Ground One and part of Ground Two are procedurally defaulted and the default is not excused; (2) the remainder of Ground Two was denied on the merits in a state court decision entitled to deference; and (3) all claims lack merit.

## DISCUSSION

### I.   Exhaustion and Procedural Default

#### A.   Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  Rose v. Lundy, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the

3 - OPINION AND ORDER

exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

///

///

4 - OPINION AND ORDER

B.   **Analysis**.

### Ground One – Amended Indictment Violated Petitioner's Due Process Rights Because It Did Not Provide Fair Notice to Permit Him to Prepare a Defense

While petitioner concedes his Ground One claim is defaulted, he contends he can demonstrate cause and prejudice to excuse such default based on the fact trial counsel rendered constitutionally ineffective assistance when he failed to make a motion objecting to the indictment on the same grounds.

Respondent acknowledges that petitioner raised several ineffective assistance of counsel claims during his post conviction proceedings related to his attorney's handling of the indictment, including a claim that counsel rendered ineffective assistance when he failed to object to the indictment on the ground "it was not specific as to times and dates to allow Petitioner to adequately defend himself." Respondent's Exhibit 109 at 5. Nevertheless, respondent suggests the indictment-related ineffective assistance claims petitioner presented to the Oregon courts were fundamentally different from the constitutional due process and double jeopardy claims set forth in this federal habeas action. Accordingly, respondent insists the referenced ineffective assistance of counsel claim raised during petitioner's state post-conviction proceedings cannot amount to cause to excuse a procedural default of his Ground One claim that the indictment violated his rights under the Due Process and Double Jeopardy clauses.

5 - OPINION AND ORDER

Notably, attorney error that rises to the level of ineffective assistance of counsel may constitute cause to excuse a procedural default. <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991). But if the claim of ineffectiveness is itself defaulted, it cannot be the basis for cause, unless the petitioner can establish cause and prejudice with respect to the ineffectiveness claim itself. <u>Edwards</u>, 529 U.S. 452-54.

As noted above, respondent argues petitioner did not present the PCR court with an ineffective assistance of counsel claim challenging the indictment based on the Constitution's due process and double jeopardy clauses. Even assuming he had, that court denied relief on all of petitioner's claims of ineffective assistance of counsel, including those related to counsel's failure to object to the indictment. Accordingly, petitioner cannot establish that ineffective assistance of counsel amounts to "cause and prejudice" to excuse his default of the Ground One claim unless he can show the PCR court's adjudication of the ineffective assistance claim was contrary to or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). For the reasons discussed below, the Court finds petitioner has failed to make this showing, and thus cannot establish cause and prejudice to excuse his default of his Ground One claim.

///

///

6 - OPINION AND ORDER

## II.  **Merits**

### A.  **Standards**.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."

7 - OPINION AND ORDER

Id. at 413.   The "unreasonable application" clause requires the
state court decision to be more than incorrect or erroneous.
Id. at 410.   The state court's application of clearly established
law must be objectively unreasonable.   Id. at 409.

B.    **Analysis**.

> **Ground Two:   Ineffective Assistance of Counsel for
> Failing to Object to the Indictment on the Basis It Did
> Not Provide Adequate Notice of the Charges and Prevented
> Petitioner From Protecting Himself From Double Jeopardy.**

With respect to petitioner's ineffective assistance of counsel
claim related to counsel's failure to object to the indictment for
lack of adequate notice, the PCR trial court had before it a sworn
affidavit from petitioner's trial counsel wherein counsel averred
as follows:

> 1.    Petitioner alleges I was ineffective in failing to file
> a motion for discovery.   I did not file a motion for
> discovery in this case because the Douglas County
> District Attorney Office automatically provides discovery
> after a case is appointed.   The rules require that before
> a motion for discovery is filed, the parties make a good
> faith effort to resolve the matter.   Since the state gave
> me all the discovery, I had no reason to file a motion.
> In my recollection of the case and after a review of the
> notes in my file, I do not believe there was any kind of
> discovery problem in this case.
>
>                          * * *
>
> 13.   Petitioner alleges that I was ineffective in failing to
> object to the indictment as it was not specific as to
> times and dates to allow petitioner to adequately defend
> himself.   Although the indictment was broad, the
> discovery left no question as to what the counts were
> based upon.   Therefore there was no basis to object to
> the indictment.

8 - OPINION AND ORDER

Respondent's Exhibit 125 at 1 & 5.  Moreover, on the issue of credibility, the PCR trial court specifically held that:

> all you have to do is read the deposition to prove that [petitioner] has absolutely no credibility in this case. He claims he lied in the videotape the court -- the police made. He claims to have lied in the letter to his wife. He claims to have lied on the stand, and now he wants to be credible. Not possible.

Respondent's Exhibit 132 at 13.

"Oregon courts do not require an indictment to charge a criminal offense with great specificity, relying instead on discovery 'to inform the defendant of the details of the alleged crime that are necessary to be able to defend against the charge.'" State v. Anderson, 233 Or.App. 475 (2010)(internal citations omitted).  Furthermore, time is not an essential element of the offense of sodomy.  See State v. Wimber, 315 Or. 103 (1992); ORS 163.405.

Here, the prosecution turned over the following pretrial discovery:  (1) a copy of the police report wherein the reporting officer summarized the pretext phone call between petitioner and the victim, as well as, her individual interviews with both the victim and petitioner; (2) a tape of the pretext phone call; and (3) a taped interview of the victim wherein he described the incidents of abuse. Significantly, as noted in the police report, petitioner admitted that he had sexually abused the victim.  He specifically admitted that he had put his mouth on the victim's penis 5-8 times, that the victim had put his penis in the

9 - OPINION AND ORDER

petitioner's anus once, and that petitioner had put his finger in the victim's anus once.  In addition, petitioner generally agreed that the abuse had occurred when the victim was in the fourth through sixth grades.  Respondent's Exhibit at 3-4.  Based on this discovery, petitioner cannot credibly contend that he was surprised by the evidence the prosecutor presented against him at trial.

Moreover, the Court finds petitioner's reliance on Valentine v. Konteh, 395 F.3d 626, 631 (6th Cir. 2005) is misplaced. Petitioner contends Valentine supports his argument that the indictment in his case, charging nine identically-worded counts of sodomy, violated his Constitutional right to due process by failing to distinguish among the counts.  However, in acknowledging "the reality of situations where young child victims are involved", the court in Valentine held:

> The problem in this case is not the fact the prosecution did not provide the defendant with exact times and places.   If there had been singular counts of each offense, the lack of particularity would not have presented the same problem.  Instead, the problem is that within each set of 20 counts, there are absolutely no distinctions made.   Valentine was prosecuted for two criminal acts that occurred twenty times each, rather than forty separate criminal acts.  In its charges **and in its evidence before the jury,** the prosecution did not attempt to lay out the factual bases of forty separate incidents that took place.   Instead, the 8-year-old victim described "typical" abusive behavior by Valentine and then testified that the "typical" abuse occurred twenty or fifteen times.   Outside of the victim's estimate, no evidence as to the number of incidents was presented.

Id. at 632-33 (emphasis added).

10 - OPINION AND ORDER

In stark contrast to <u>Valentine</u>, the facts underlying the identically-worded charges alleged in the indictment in petitioner's case were disclosed to petitioner during discovery such that his attorney was left with **"no question as to what the counts were based upon."** Respondent's Exhibit 125 at 5. In addition, the trial court, sitting as fact finder, meticulously identified nine unique incidents of abuse related to each of the counts charged in the indictment. Respondent's Exhibit 105 at 127-132 & 204-208. It found that the victim had "described each incident with sufficient detail to tell me where it occurred, the incident, and how it occurred, the sequence of what occurred, and described things that gave us time frames and clothing or surroundings such as the truck and the wood stove. All of these things are done in sufficient detail -- the Summer Olympics. All of these things are done in such -- sufficient detail that I find [the victim] is credible." <u>Id</u>. at 207.

Finally, the Court is persuaded by respondent's argument that had counsel objected to the indictment, the State could have amended the indictment with information it had in its possession to identify the unique instances of abuse. As such, petitioner cannot demonstrate he was prejudiced by any failure on counsel's part to object to the indictment.

Accordingly, to the extent petitioner's Ground Two ineffective assistance of counsel claim was fairly presented to the

11 - OPINION AND ORDER

Oregon courts, this Court cannot conclude that the PCR trial court's denial of relief on that claim was contrary to, or involved an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[1]

### CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus [14] is DENIED, and this case is DISMISSED, with prejudice. In addition, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this __16__ day of July, 2012.

_____
Robert E. Jones
United States District Judge

---

[1] Based on the Court's careful review of the record, it would reach the same conclusion even under *de novo* review of the subject ineffective assistance of counsel claim.

12 - OPINION AND ORDER